**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| NEURAL AI, LLC,<br><br>Petitioner,<br><br>v.<br><br>ORACLE CORPORATION,<br><br>Respondent. | Misc. Case No. 7:26-mc-325<br><br>Principal case pending in Western District of Texas, Civil Action No. 7:24-cv-00221-LS-DTG |

**DECLARATION OF TANNER LAICHE IN SUPPORT OF NEURAL AI'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA SERVED ON THIRD-PARTY ORACLE CORPORATION**

I, Tanner Laiche, declare as follows:

1. I am an attorney duly licensed to practice in the States of California and Washington and am admitted to the Western District of Texas. I am an associate at the law firm of Susman Godfrey LLP, and am a counsel of record for Petitioner Neural AI, LLC ("NAI") in the above-captioned matter. I make this declaration in support of NAI's Motion to Compel Compliance with Subpoena Served on Third-Party Oracle Corporation ("Oracle"). Unless otherwise stated, I have personal knowledge of the facts set forth herein and could competently testify thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of NAI's First Amended Complaint for Patent Infringement filed in the Underlying Action on December 12, 2024.

3. Attached hereto as **Exhibit 2** is a true and correct copy of U.S. Patent No. 8,648,867, entitled "Graphic Processor Based Accelerator System and Method."

4. Attached hereto as **Exhibit 3** is a true and correct copy of Reissue Patent No. RE48,438, entitled "Graphic Processor Based Accelerator System and Method."

5. Attached hereto as **Exhibit 4** is a true and correct copy of Reissue Patent No. RE49,461, entitled "Graphic Processor Based Accelerator System and Method."

6. Attached hereto as **Exhibit 5** is a true and correct copy of NAI's Subpoenas to Produce Documents and to Testify at a Deposition served on Oracle, dated June 24, 2026, including the accompanying definitions, instructions, requests for production, and deposition topics.

7. Attached hereto as **Exhibit 6** is a true and correct copy of the Affidavit of Service confirming service of the subpoenas on Oracle's registered agent on June 25, 2026.

8. Attached hereto as **Exhibit 7** is a true and correct copy of NAI's January 20, 2026 Final Infringement Contentions Cover Page filed in the Underlying Action.

9. Attached hereto as **Exhibit 8** is a true and correct copy of NVIDIA's Amended Answer to NAI's Amended Complaint, filed on November 25, 2025, as docketed at Dkt. 130 in the Underlying Action (public, redacted version).

10. Attached hereto as **Exhibit 9** is a true and correct copy of Non-Party Oracle's Objections and Responses to Plaintiff's Subpoena to Testify and Produce Documents, dated July 16, 2026.

11. Attached hereto as **Exhibit 10** is a true and correct copy of email correspondence between counsel for NAI and counsel for Oracle, dated July 9, 2026 through July 24, 2026.

12. Attached hereto as **Exhibit 11** is a true and correct copy of email correspondence between counsel for NAI and counsel for Oracle, dated July 28, 2026 through August 4, 2026.

13. Attached hereto as **Exhibit 12** is a true and correct copy of NAI's Third-Party Questions provided to Oracle on July 24, 2026.

14. Attached hereto as **Exhibit 13** is a true and correct copy of NAI's Draft Third-Party

Declaration provided to Oracle on July 28, 2026.

15. Attached hereto as **Exhibit 14** is a true and correct copy of an NVIDIA Newsroom article titled "Oracle and NVIDIA Partner to Speed AI Adoption for Enterprises," dated October 18, 2022, printed from https://nvidianews.nvidia.com. I obtained this document from NVIDIA's publicly accessible website on August 17, 2026.

16. Attached hereto as **Exhibit 15** is a true and correct copy of an NVIDIA Blog post titled "Oracle Cloud Infrastructure Deploys Thousands of NVIDIA Blackwell GPUs for Agentic AI and Reasoning Models," dated April 28, 2025, printed from https://blogs.nvidia.com. I obtained this document from NVIDIA's publicly accessible website on August 17, 2026.

17. Attached hereto as **Exhibit 16** is a true and correct copy of an Oracle Cloud Infrastructure blog post titled "Announcing New AI Infrastructure Capabilities with NVIDIA Blackwell for Public, On-Premises, and Service Provider Clouds," dated March 26, 2025, printed from https://blogs.oracle.com. I obtained this document from Oracle's publicly accessible website on August 17, 2026.

18. Attached hereto as **Exhibit 17** is a true and correct copy of the Oracle Cloud Infrastructure "GPU, Virtual Machines and Bare Metal" webpage, printed from https://www.oracle.com. I obtained this document from Oracle's publicly accessible website on August 17, 2026.

19. Attached hereto as **Exhibit 18** is a true and correct copy of the Oracle Campus project page from Ryan Companies, printed from https://www.ryancompanies.com. I obtained this document from Ryan Companies' publicly accessible website on August 17, 2026.

20. Attached hereto as **Exhibit 19** is a true and correct copy of the Oracle United States Field Offices webpage listing Oracle's World Headquarters at 2300 Oracle Way, Austin, TX

78741, printed from https://www.oracle.com. I obtained this document from Oracle's publicly accessible website on August 17, 2026.

21. Attached hereto as **Exhibit 20** is a true and correct copy of the Oracle Careers webpage showing job listings in Austin, Texas, printed from https://www.oracle.com. I obtained this document from Oracle's publicly accessible website on August 17, 2026.

22. Attached hereto as **Exhibit 21** is a true and correct copy of email correspondence between counsel for NAI and counsel for Oracle, dated July 9, 2026 through August 10, 2026.

23. Attached hereto as **Exhibit 22** is a true and correct copy of the Highly Confidential Declaration provided by Oracle America, Inc., executed on August 10, 2026, submitted in connection with Oracle's response to NAI's subpoena.

24. Attached hereto as **Exhibit 23** is a true and correct copy of email correspondence between counsel for NAI and counsel for Oracle dated August 16, 2026, reflecting the parties' continued meet-and-confer efforts to resolve outstanding discovery issues.

25. The Underlying Action—*Neural AI, LLC v. NVIDIA Corporation*, Case No. 7:24-cv-00221-LS-DTG (W.D. Tex.)—is a patent infringement action in which NAI alleges that NVIDIA Corporation's ("NVIDIA") GPU-accelerated computing hardware and software infringe U.S. Patent No. 8,648,867 (the "'867 Patent"), Reissue Patent No. RE48,438 (the "'438 Patent"), and Reissue Patent No. RE49,461 (the "'461 Patent") (collectively, the "Asserted Patents").

26. Throughout discovery in the above-captioned action, NVIDIA has taken the position that NAI must obtain evidence from NVIDIA's customers and end users to prove how the accused products are actually deployed and configured. During a sealed discovery conference on September 8, 2025, NVIDIA's counsel represented to the Court that it only provides tools for end-user companies to build their own AI applications on NVIDIA hardware and that if NAI wanted

to learn how the accused software was deployed in real-world systems, NAI would need to seek that information directly from NVIDIA's customers and end users.

27. Throughout discovery NVIDIA has also disclaimed knowledge concerning how its customers, partners, and end users ultimately deploy, configure, and operate NVIDIA hardware and software. NAI accordingly turned to third-party discovery, including subpoenas to Oracle, to obtain the evidence NVIDIA contends NAI must have.

28. On August 10, 2026, Oracle served a declaration u in response to the subpoena. However, the declaration failed to resolve the outstanding discovery issues, as it introduced new qualifications and assertions that require testing through documents and examination. As of the date of this declaration, Oracle has not: (a) produced any documents responsive to NAI's Requests for Production; (b) designated a Rule 30(b)(6) witness for deposition; (c) agreed to supplement or amend its declaration to address the deficiencies identified by NAI; or (d) committed to any date by which it will do any of the foregoing.

29. Document discovery in the Underlying Action closed on August 11, 2026. Defendant NVIDIA, Corp. in the underlying action stipulated to extend the deadline for third-party motions to compel to August 18, 2026. Deposition discovery closes on September 16, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 18, 2026, in Seattle, Washington.



Tanner Laiche