# EXHIBIT

# 9

Michelle Morin (CA Bar No. 284789)
Michelle.Morin@oracle.com
Oracle America, Inc.
500 Oracle Parkway, M/S 5op7
Redwood Shores, CA 94065
Telephone: (650) 607-1383

Attorney for Third Party
Oracle Corporation

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| NEURAL AI, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>Defendant. | Case No. 2:24-CV-00221-ADA-DTG |

**NON-PARTY ORACLE CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SUBPOENA TO TESTIFY AND PRODUCE DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 45, Non-Party Oracle Corporation ("Oracle") hereby objects and responds to the Subpoena to Testify at a Deposition in a Civil Action and Requests for the Production of Documents and Things issued by the United States District Court for the Western District of Texas and served by Neural AI, LLC ("Neural AI" or "Plaintiff") on or about June 24, 2026, including its document requests and deposition topics (collectively, the "Subpoena"), as follows:

**GENERAL OBJECTIONS**

Oracle objects to the Subpoena on the following grounds and incorporates each of these general objections by reference into each enumerated, specific response, as though fully set forth therein:

1. Oracle objects to the Subpoena on the grounds that the dates for compliance are unreasonable and unduly burdensome. The time period is insufficient for Oracle to locate, review, and produce documents responsive to the broad and numerous Requests, particularly in light of the broad scope of information the Subpoena purports to seek. Subject to any other General or Specific Objections, and only after Plaintiff confirms that any such productions will be subject to the Protective Order in the case, and additionally confirms that under the Protective Order, any Oracle confidential information will be appropriately protected from and excluded from processing, retention, or training of or by generative AI, LLMs, or similar tools, other than as strictly within and strictly limited to defense or prosecution of the above-captioned matter, Oracle will produce responsive, non-objectionable documents at a time and place mutually agreed to by Plaintiff and Oracle, after Oracle has had the opportunity to conduct an appropriate search and review, and after Oracle has met and conferred with Plaintiff on the overly broad scope and vague requests contained in the subpoena.

2. Oracle objects to the date set for deposition on the ground that it is unduly burdensome. The time period is insufficient for Oracle to locate and prepare a witness on the array of Topics propounded. Further, a deposition is overly burdensome and duplicative of the information that can be ascertained via documents. After Oracle makes its document production, and Plaintiff has had sufficient time to review, Oracle with meet and confer with Plaintiff on the necessity of a deposition and negotiate a mutually agreeable location and date for a deposition, if one is required. To the extent a deposition is required, any witness(es) designated by Oracle will testify to matters known or reasonably available to Oracle at the time of the deposition or declaration. Oracle's responses to the Subpoena, including any such declaration or deposition testimony, are and will be given without prejudice to Oracle's right to amend or supplement its responses after considering additional information. To the extent Oracle designates one or more witnesses to testify at a deposition in response to the Subpoena, Oracle will do so at a mutually agreed upon time and manner (e.g., by videoconference).

3. All documents produced by Oracle in response to Plaintiff's Subpoena are produced without waiver of Oracle's right to object to the production of other documents or to supplement this production as other documents become available.

4. Oracle objects to Plaintiff's Subpoena to the extent it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the doctrine of work-product immunity, or any other common law or statutory privilege or protection, including common-interest or joint-defense privileges or protections, and/or protections from discovery. No documents or information subject to any such privilege will be produced, nor will a privilege log be provided. Although Oracle will use reasonable procedures to prevent inadvertent disclosure of privileged information, any inadvertent production by Oracle of information that is protected from

disclosure by the attorney-client privilege, work product immunity, or any other applicable privilege, protection, or immunity shall not constitute a waiver by Oracle of such protection.

5. Oracle objects to each document request and topic in the Subpoena to the extent it seeks information obtainable from another source that is more convenient, less burdensome, and/or less expensive, including from publicly available sources or from parties to the litigation, or calls for discovery that would be more easily obtained through other less burdensome means. For example, publicly-available Oracle websites such as https://www.oracle.com/artificial-intelligence/ and https://www.oracle.com/cloud/compute/gpu/ may contain responsive information.

6. Oracle objects to each document request and topic in the Subpoena to the extent it seeks to impose an obligation to disclose documents, things, and/or information not in the possession, custody, and/or control of Oracle or seeks to impose a requirement to make an unreasonable search to locate such documents, things, or information, including with respect to potentially responsive information in possession of end users or Oracle customers rather than in Oracle's own possession. For example, Oracle cannot fairly be forced to testify about or provide documents regarding NVIDIA's internal products or source code beyond Oracle's own use or implementation.

7. Oracle further objects to Plaintiff's Subpoena to the extent that it seeks a legal conclusion or expert opinion.

8. Oracle objects to each document request and topic in the Subpoena on the grounds that the requests create an undue burden on Oracle, a third party, and on the grounds that as a non-party to the litigation, Oracle has had no access to the facts, claims, and legal issues involved therein.

9. To the extent that Oracle, through its objections and responses, agrees to produce documents that appear to be responsive, this is not a representation as to the existence or amount of nonprivileged, nonimmune and otherwise nonprotected responsive documents, if any. None of the objections or information set forth in these responses and objections to the Subpoena is an admission relative to the relevance or admissibility of any information, to the truth or accuracy of any characterization contained in the Subpoena, or of the responsiveness of any document to the characterizations contained in the Subpoena, including in the Subpoena's definitions.

10. Oracle objects to Plaintiff's Subpoena as vague and ambiguous as to time frame if no time frame is specified, or as overly broad and unduly burdensome to the extent it seeks information that is unlimited in time. Unless the time frame of a Request and/or Topic is expressly stated therein, Oracle has interpreted each such Request and/or Topic as seeking current information, or, if not reasonably available to Oracle, relatively current information.

11. Oracle's responses, including its agreement to meet and confer regarding these requests, is not an admission as to the existence of responsive documents. Oracle objects to each Document Request attached to the Subpoena on the grounds that it fails to comply with the Federal Rules of Civil Procedure, in that the requests seek information that is not relevant to disputed issues in the litigation, are not reasonably calculated to lead to the discovery of admissible evidence, and are unreasonably broad in scope and unreasonable and unduly burdensome.

12. Oracle objects to each definition and instruction, and to each document request and topic in the Subpoena, on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous and to the extent it seeks to impose obligations above and beyond those imposed by the Federal Rules of Civil Procedure and is not reasonably calculated to lead to the discovery of admissible evidence.

13. Oracle objects to Plaintiff's definition of "Oracle," "You," or "Your," as overly broad, unduly burdensome, vague, and ambiguous, to the extent this definition purports to include not only Oracle Corporation but also "predecessors, successors, parents, subsidiaries, divisions, affiliates, and all past or present directors, officers, partners, managers, employees, contractors, agents, representatives, accountants, consultants, in-house and outside counsel, and any other person or entity acting or purporting to act on its behalf or subject to its control" and "without limitation, any Oracle parent, subsidiary, affiliate, or other related entity that has used, licensed, deployed, evaluated, or integrated NVIDIA GPUs or software." Oracle shall interpret "Oracle," "You," or "Your" to refer to Oracle Corporation and Oracle America, Inc.

14. Oracle objects to Plaintiff's definition of "NVIDIA GPUs," which appears to span every or virtually every NVIDIA GPU ever released, as overly broad, unduly burdensome, vague, and ambiguous, and disproportionate to the needs of the case.

15. Oracle objects to the Subpoena's definitions as overly broad, vague and ambiguous and noncompliant with the Federal Rules of Civil Procedure, at least for the reason that several definitions themselves incorporate other terms that are undefined terms of art, technical terms, terms that appear to require claim construction, terms that appear to require expert testimony to evaluate, terms that require Oracle to reach legal conclusions in order to understand those terms, and terms that require knowledge not possessed by Oracle. This objection specifically applies at least to the undefined term "artificial neural network," and to each and every Topic and Document Request that uses that term.

16. Oracle objects to the definition of the term "document" and to each instruction relating to that definition, as overly broad and unduly burdensome to the extent it seeks production of duplicative documents and/or documents not in Oracle's possession, custody, or control or seeks

production of metadata not reasonably accessible, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Oracle will search for and produce document(s) only as those terms are generally understood and will not search for or produce electronic communications such as E-mails, instant messages or texts or metadata associated with electronically-stored documents.

17. Oracle objects to Plaintiff's definitions of "concerning," "related to" or "relating to", and "regarding" and any variation of these terms as vague, ambiguous, overbroad, and unduly burdensome to the extent it calls upon Oracle to identify documents that do not reference the subject of Plaintiff's request.

18. Oracle objects to each document request and topic in the Subpoena to the extent it seeks information that is the confidential, proprietary, and/or trade secret information of Oracle, or of one or more third-parties to which Oracle has nondisclosure obligations. Oracle will produce its confidential information only pursuant to the terms and protections of an appropriate protective order including appropriate restrictions on LLMs' and other AI tools' retention and use of Oracle confidential information, and prohibition of training of LLM and AI tools using Oracle confidential information), that has been entered by the court. Oracle will provide information confidential to any third-party only to the extent it can do so consistent with its obligations to the respective third-party or third parties to whom the information is confidential.

19. Oracle objects to each request and topic as unduly burdensome, not proportional to the needs of the case, not relevant to any claim or defense in this case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they request searching sources of information that are not reasonably accessible. In particular, the following sources of information are not reasonably accessible and will not be searched: backup media including disaster recovery

systems, digital voicemail, instant messaging, systems no longer in use, and automatically saved versions of documents. Additionally, Oracle will not search through hard copy files as such searches are not proportional to the needs of the case because such searches are not reasonably accessible due to undue burden and cost and any information contained therein is likely to be cumulative to and/or duplicative of information maintained on active network servers. To the extent Oracle agrees to perform a reasonable search in response to any of the Requests below, such search will be bounded at least by the terms of this objection.

**RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

Subject to and without waiving its General Objections, Oracle specifically responds to the Subpoena's Requests for Production as follows:

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify all software, frameworks, libraries, APIs, scripts, Source Code, configuration files, and custom code You use to perform computations on NVIDIA GPUs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Oracle incorporates by reference its General Objections stated above, including in particular as to documents, testimony, or information subject to attorney-client privilege, work-product immunity, or other protections, objections as to confidential, proprietary, trade secret, source code, security-sensitive, or third-party information, and objections as to information not in Oracle's possession.

In addition to its General Objections, Oracle specifically objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1). The Request seeks "all" software, frameworks, etc., used to perform computations on NVIDIA GPUs and is not reasonably limited as to custodians, Oracle business units, products, services, systems, applications, repositories, source code bases, projects, types of software, or otherwise as to the subject matter, and seeks information about apparently unbounded categories of NVIDIA hardware and software across Oracle's global operations from September 13, 2018 to the present.

Oracle objects that the Request, as written, would require Oracle to identify and investigate potentially countless subject matter experts and users of internal software tools, frameworks, libraries, APIs, scripts, source code, configuration files, and custom code across unrelated Oracle products, cloud services, development environments, customer environments, and business units. Oracle further objects to the extent the Request seeks Oracle source code or other highly sensitive technical information without a particularized showing of need and without source-code-level protections.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer to determine whether Plaintiff can identify a substantially narrowed, reasonably particularized scope directed to nonprivileged Oracle-owned information, if any, that Plaintiff contends is relevant to the claims and defenses in this case and unavailable from NVIDIA or publicly available sources.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show whether You use NVIDIA's Aerial, Clara Parabricks, cuBLAS, cuDNN, cuFFT, cuQuantum, cuSOLVER, cuSPARSE, Drive, DriveWorks, Holoscan, Isaac, Isaac Lab, Maxine, Memory Map, Merlin, Metropolis, Modulus, Monai, Morpheus, NeMo, PyTorch, RAPIDS, Riva, Runtime Driver, TensorFlow, TensorRT, Triton, VSS (Deepstream), or any other NVIDIA software as part of computations You perform using NVIDIA GPUs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Oracle incorporates by reference its General Objections stated above, including in particular as to documents, testimony, or information subject to attorney-client privilege, work-product immunity, or other protections, objections as to confidential, proprietary, trade secret, source code, security-sensitive, or third-party information, and objections as to information not in Oracle's possession.

In addition to its General Objections, Oracle specifically objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1). The Request is not reasonably limited as to custodians, Oracle business units, products, services, systems, applications, repositories, source code bases, projects, or subject matter, and seeks information about a broad category of NVIDIA hardware or software across Oracle's global operations from September 13, 2018 to the present.

Oracle objects that the Request is overbroad and disproportionate because it encompasses dozens of NVIDIA and third-party tools and frameworks and then expands to 'any other NVIDIA software,' without tying the request to any specific Oracle product, service, system, repository, custodian, or accused technology.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer to determine whether Plaintiff can identify a substantially narrowed, reasonably particularized scope directed to nonprivileged Oracle-owned information, if any, that Plaintiff contends is relevant to the claims and defenses in this case and unavailable from NVIDIA or publicly available sources.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show whether You use sample Source Code provided by NVIDIA as part of computations You perform using NVIDIA GPUs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Oracle incorporates by reference its General Objections stated above, including in particular as to documents, testimony, or information subject to attorney-client privilege, work-product immunity, or other protections, objections as to confidential, proprietary, trade secret, source code, security-sensitive, or third-party information, and objections as to information not in Oracle’s possession.

In addition to its General Objections, Oracle specifically objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1). The Request is not reasonably limited as to custodians, Oracle business units, products, services, systems, applications, repositories, source code bases, projects, or subject matter, and seeks information about a broad category of NVIDIA hardware or software across Oracle's global operations from September 13, 2018 to the present.

Oracle objects to this Request to the extent it seeks Oracle source code, code repositories, or other confidential technical information. Oracle further objects that the Request is not sufficiently particularized, nor reasonably limited, to any Oracle product, service, project, team, repository, or implementation and would require a burdensome investigation across unspecified and unrelated Oracle systems. Oracle further objects to this Request as duplicative of other Requests.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer to determine whether Plaintiff can identify a substantially narrowed, reasonably particularized scope directed to nonprivileged Oracle-owned information, if any, that Plaintiff contends is relevant to the claims and defenses in this case and unavailable from NVIDIA or publicly available sources.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show whether and how any software You use to perform computations on NVIDIA GPUs calls, invokes, interfaces with, wraps, depends on, sits on top of, modifies, extends, or implements functionality provided by CUDA, cuDNN, TensorRT, CUDA libraries, CUDA drivers, CUDA runtime, CUDA applications or frameworks or any other NVIDIA software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Oracle incorporates by reference its General Objections stated above, including in particular as to documents, testimony, or information subject to attorney-client privilege, work-product immunity, or other protections, objections as to confidential, proprietary, trade secret, source code, security-sensitive, or third-party information, and objections as to information not in Oracle's possession.

In addition to its General Objections, Oracle specifically objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1). The Request is not reasonably limited as to custodians, Oracle business units, products, services, systems, applications, repositories, source code bases, projects, or subject matter, and seeks information about a broad category of NVIDIA hardware or software across Oracle's global operations from September 13, 2018 to the present.

Oracle objects that the Request seeks highly technical implementation details, including source code-level or architecture-level information, without reasonably limiting to or even identifying any specific Oracle system, or explaining why the undue burden of imposing this request on Oracle, a non-party, is proportional to the needs of the case. Oracle further objects to this Request as duplicative of other Requests.

Oracle further objects that the terms 'calls,' 'invokes,' 'interfaces with,' 'wraps,' 'depends on,' 'sits on top of,' 'modifies,' 'extends,' and 'implements functionality' are vague, ambiguous, and call for technical and legal conclusions.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer to determine whether Plaintiff can identify a substantially narrowed, reasonably particularized scope directed to nonprivileged Oracle-owned information, if any, that Plaintiff contends is relevant to the claims and defenses in this case and unavailable from NVIDIA or publicly available sources.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show the architecture, design, data flow, control flow, and execution flow of any system in which You use NVIDIA GPUs to perform computations, including diagrams, technical specifications, design documents, Powerpoints, slide decks, internal and external presentations, Source Code, configuration files, build files, deployment files, runtime logs, and profiler traces.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Oracle incorporates by reference its General Objections stated above, including in particular as to documents, testimony, or information subject to attorney-client privilege, work-product immunity, or other protections, objections as to confidential, proprietary, trade secret, source code, security-sensitive, or third-party information, and objections as to information not in Oracle's possession.

In addition to its General Objections, Oracle specifically objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1). The Request is not reasonably limited as to custodians, Oracle business units, products, services, systems, applications, repositories, source code bases, projects, or subject matter, and seeks information about a broad category of NVIDIA hardware or software across Oracle's global operations from September 13, 2018 to the present.

Oracle objects that this Request seeks a sweeping collection of architecture documents, design documents, source code, configuration files, runtime logs, and profiler traces for 'any system' in which Oracle uses NVIDIA GPUs without reasonably limiting to or even identifying any specific Oracle system, or explaining why the undue burden of imposing this request on Oracle, a non-party, is proportional to the needs of the case. Oracle further objects to this Request as duplicative of other Requests. As written, the Request is not limited to any accused product, service, business unit, time-bounded project, custodian, or system and would impose undue burden on Oracle, a non-party. Oracle further objects to the extent the Request seeks security-sensitive information, infrastructure architecture, logs, profiler traces, or source code.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer to determine whether Plaintiff can identify a substantially narrowed, reasonably particularized scope directed to nonprivileged Oracle-owned information, if any, that Plaintiff contends is relevant to the claims and defenses in this case and unavailable from NVIDIA or publicly available sources.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show whether computations You performed using NVIDIA GPUs involved artificial neural networks, neural-network computational layers or computations with outputs as inputs for other neurons or layers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Oracle incorporates by reference its General Objections stated above, including in particular as to documents, testimony, or information subject to attorney-client privilege, work-product immunity, or other protections, objections as to confidential, proprietary, trade secret, source code, security-sensitive, or third-party information, and objections as to information not in Oracle’s possession.

In addition to its General Objections, Oracle specifically objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1). The Request is not reasonably limited as to custodians, Oracle business units, products, services, systems, applications, repositories, source code bases, projects, or subject matter, and seeks information about a broad category of NVIDIA hardware or software across Oracle's global operations from September 13, 2018 to the present.

Oracle objects that the Request is vague and ambiguous, including because, in the absence of claim construction or a definition for “artificial neural networks,” “neural-network computational layers,” or “neurons or layers,” and neither definition of nor reasonable limitations around the term “involved,” the Request would require Oracle to analyze potentially numerous systems and workloads to determine whether they fall within Plaintiff's technical characterizations. Oracle further objects to the extent this Request seeks confidential or security-sensitive architecture information or source code-level information.

Oracle further objects that public Oracle AI materials describe AI, machine learning, generative AI, and Data Science offerings and use cases, including the pages identified in the General Objections. Oracle will not produce additional copies of publicly-available documentation, which is equally accessible to the parties to the case.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer to determine whether Plaintiff can identify a substantially narrowed, reasonably particularized scope directed to nonprivileged Oracle-owned information, if any, that Plaintiff contends is relevant to the claims and defenses in this case and unavailable from NVIDIA or publicly available sources.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show whether You use a pointer to data stored in memory (e.g. memory

bank or partition), using as an input to a subsequent computational layer the pointer to output data from a GPU computation, using pointers in neural network computations, swapping an input pointer with the pointer to data output from a GPU computation, pointer swapping, pointer rotation, buffer swapping, ping-pong buffers, double or triple buffering, alternating input/output buffers, or any other technique in which output data from one computation, layer, iteration, time step, or cycle becomes input data for a later computation, layer, iteration, time step, or cycle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Oracle incorporates by reference its General Objections stated above, including in particular as to documents, testimony, or information subject to attorney-client privilege, work-product immunity, or other protections, objections as to confidential, proprietary, trade secret, source code, security-sensitive, or third-party information, and objections as to information not in Oracle's possession.

In addition to its General Objections, Oracle specifically objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1). The Request is not reasonably limited as to custodians, Oracle business units, products, services, systems, applications, repositories, source code bases, projects, or subject matter, and seeks information about a broad category of NVIDIA hardware or software across Oracle's global operations from September 13, 2018 to the present.

Oracle objects that the Request is vague, ambiguous, overbroad, and appears to demand a technical, expert witness opinion and analysis of low-level memory-management concepts, pointer usage, buffering techniques, and neural-network computational flows across unspecified Oracle systems and in the absence of claim construction or a definition for the terms used in the Request. Oracle further objects that responding would require expert analysis, source-code review, and/or system investigation that is not proportional to the needs of discovery from Oracle, a non-party. Oracle further objects to the extent this Request seeks confidential or security-sensitive architecture information or source code-level information.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer to determine whether Plaintiff can identify a substantially narrowed, reasonably particularized scope directed to nonprivileged Oracle-owned information, if any, that Plaintiff contends is relevant to the claims and defenses in this case and unavailable from NVIDIA or publicly available sources.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show whether You store input data, output data, intermediate results, tensors, activations, weights, parameters, internal variables, GPU programs, kernels, textures, shaders, or other GPU-computation-related data in separate, partitioned, logical, physical, first/second, input/output, texture, shader, shared, global, device, host, pinned, GPU RAM, GPU cache(s), or unified memory regions (shared by CPU and GPU) when performing computations using NVIDIA GPUs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Oracle incorporates by reference its General Objections stated above, including in particular as to documents, testimony, or information subject to attorney-client privilege, work-product immunity, or other protections, objections as to confidential, proprietary, trade secret, source code, security-sensitive, or third-party information, and objections as to information not in Oracle's possession.

In addition to its General Objections, Oracle specifically objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1). The Request is not reasonably limited as to custodians, Oracle business units, products, services, systems, applications, repositories, source code bases, projects, or subject matter, and seeks information about a broad category of NVIDIA hardware or software across Oracle's global operations from September 13, 2018 to the present.

Oracle objects that the Request is vague, ambiguous, overbroad, and appears to demand a technical, expert witness opinion and analysis of granular technical implementation information concerning memory regions, tensors, activations, weights, parameters, kernels, shaders, and other GPU-computation-related data, across unidentified Oracle systems and absent claim construction or definition for the terms used in the Request. Oracle further objects that responding would require expert analysis, source-code review, and/or system investigation that is not proportional to the needs of discovery from Oracle, a non-party. Oracle further objects to the extent this Request seeks confidential or security-sensitive architecture information or source code-level information.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer to determine whether Plaintiff can identify a substantially narrowed, reasonably particularized scope directed to nonprivileged Oracle-owned information, if any, that Plaintiff contends is relevant to the claims and defenses in this case and unavailable from NVIDIA or publicly available sources.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show how input data is received, acquired, stored, transferred, copied, streamed, prefetched, staged, queued, or loaded from CPU memory, host memory, system memory, storage, sensors, cameras, or other input sources to NVIDIA GPU memory - including GPU RAM (e.g. GPU HBM, GDDR) and/or GPU cache(s) - before, during, or in parallel with computations You perform using NVIDIA GPUs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Oracle incorporates by reference its General Objections stated above, including in particular as to documents, testimony, or information subject to attorney-client privilege, work-product immunity, or other protections, objections as to confidential, proprietary, trade secret, source code, security-sensitive, or third-party information, and objections as to information not in Oracle's possession.

In addition to its General Objections, Oracle specifically objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1). The Request is not reasonably limited as to custodians, Oracle business units, products, services, systems, applications, repositories, source code bases, projects, or subject matter, and seeks information about a broad category of NVIDIA hardware or software across Oracle's global operations from September 13, 2018 to the present.

Oracle objects that the Request seeks implementation-specific technical information or expert testimony or analysis concerning data movement, memory transfer, storage, prefetching, staging, queuing, and GPU memory use across unspecified systems and workloads. Oracle further objects that the Request is not limited to any Oracle-owned product, service, code base, custodian, or system and would impose undue burden on Oracle, a non-party.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer to determine whether Plaintiff can identify a substantially narrowed, reasonably particularized scope directed to nonprivileged Oracle-owned information, if any, that Plaintiff contends is relevant to the claims and defenses in this case and unavailable from NVIDIA or publicly available sources.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show how output data from a GPU computation(s), intermediate results of GPU computations, tensors, buffers, activations, variables, or other computation results are stored, transferred, copied, streamed, written back, returned, accumulated, reused, or made available including asynchronously from NVIDIA GPU memory to CPU memory, host memory, system memory, storage, display, network, or another memory location before, during, or in parallel with computations You perform using NVIDIA GPUs - and also including in the opposite direction, copying data from CPU or host or other memory to a queue for GPU computation while other GPU computations are occurring.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Oracle incorporates by reference its General Objections stated above, including in particular as to documents, testimony, or information subject to attorney-client privilege, work-product immunity, or other protections, objections as to confidential, proprietary, trade secret, source code, security-sensitive, or third-party information, and objections as to information not in Oracle's possession.

In addition to its General Objections, Oracle specifically objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1). The Request is not reasonably limited as to custodians, Oracle business units, products, services, systems, applications, repositories, source code bases, projects, or subject matter, and seeks information about a broad category of NVIDIA hardware or software across Oracle's global operations from September 13, 2018 to the present.

Oracle objects that the Request is overbroad, unduly burdensome, and not proportional because it seeks detailed data-flow and memory-transfer information for unspecified computations, systems, workloads, and products. Oracle further objects that the Request appears to seek technical information at a level of detail that would require system-specific expert analysis and potentially source-code or log review.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer to determine whether Plaintiff can identify a substantially narrowed, reasonably particularized scope directed to nonprivileged Oracle-owned information, if any, that Plaintiff contends is relevant to the claims and defenses in this case and unavailable from NVIDIA or publicly available sources.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show how computations You perform using NVIDIA GPUs are scheduled, ordered, controlled, queued, synchronized, parallelized, launched, interrupted, resumed, or

executed, including through kernels, CUDA streams, CUDA graphs, events, threads, controllers, schedulers, compilers, runtimes, inference engines, run lists, run engines, or custom software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Oracle incorporates by reference its General Objections stated above, including in particular as to documents, testimony, or information subject to attorney-client privilege, work-product immunity, or other protections, objections as to confidential, proprietary, trade secret, source code, security-sensitive, or third-party information, and objections as to information not in Oracle's possession.

In addition to its General Objections, Oracle specifically objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1). The Request is not reasonably limited as to custodians, Oracle business units, products, services, systems, applications, repositories, source code bases, projects, or subject matter, and seeks information about a broad category of NVIDIA hardware or software across Oracle's global operations from September 13, 2018 to the present.

Oracle objects that the Request seeks expert opinion or analysis and seeks granular implementation information concerning scheduling, synchronization, CUDA streams, graphs, events, kernels, runtimes, inference engines, and custom software without identifying any specific Oracle system, product, custodian, or implementation. Oracle further objects to the extent the Request seeks information protected as confidential, proprietary, trade secret, or security-sensitive.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer to determine whether Plaintiff can identify a substantially narrowed, reasonably particularized scope directed to nonprivileged Oracle-owned information, if any, that Plaintiff contends is relevant to the claims and defenses in this case and unavailable from NVIDIA or publicly available sources.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show whether and how user inputs, user commands, configuration changes, parameter changes, model changes, computational-element changes, input changes, interruptions, or display/output changes affect computations You perform using NVIDIA GPUs and/or queue them for GPU computation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Oracle incorporates by reference its General Objections stated above, including in particular as to documents, testimony, or information subject to attorney-client privilege, work-product immunity, or other protections, objections as to confidential, proprietary, trade secret, source code, security-sensitive, or third-party information, and objections as to information not in Oracle's possession.

In addition to its General Objections, Oracle specifically objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1). The Request is not reasonably limited as to custodians, Oracle business units, products, services, systems, applications, repositories, source code bases, projects, or subject matter, and seeks information about a broad category of NVIDIA hardware or software across Oracle's global operations from September 13, 2018 to the present.

Oracle objects that the Request is vague and ambiguous, including as to 'computational-element changes,' 'interruptions,' and 'display/output changes,' and seeks broad technical information across unspecified Oracle systems and workflows. Oracle further objects that the Request is not reasonably limited and would require Oracle to undertake a burdensome system-by-system investigation.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer to determine whether Plaintiff can identify a substantially narrowed, reasonably particularized scope directed to nonprivileged Oracle-owned information, if any, that Plaintiff contends is relevant to the claims and defenses in this case and unavailable from NVIDIA or publicly available sources.

**RESPONSES AND OBJECTIONS TO DEPOSITION TOPICS**

Subject to and without waiving its General Objections, Oracle specifically responds to the deposition topics attached to the Subpoena as follows:

**DEPOSITION TOPIC NO. 1:**

The NVIDIA software and libraries You use to perform computations, including but not limited to NVIDIA's Aerial, Clara Parabricks, cuBLAS, cuDNN, cuFFT, cuQuantum, cuSOLVER, cuSPARSE, Drive, DriveWorks, Holoscan, Isaac, Isaac Lab, Maxine, Memory Map, Merlin, Metropolis, Modulus, Monai, Morpheus, NeMo, PyTorch, RAPIDS, Riva, Runtime Driver, TensorFlow, TensorRT, Triton, VSS (Deepstream).

**RESPONSE TO DEPOSITION TOPIC NO. 1:**

Oracle incorporates by reference its General Objections stated above, including in particular as to documents, testimony, or information subject to attorney-client privilege, work-product immunity, or other protections, objections as to confidential, proprietary, trade secret, source code, security-sensitive, or third-party information, and objections as to information not in Oracle's possession, including information about NVIDIA products specifically in NVIDIA's rather than Oracle's possession.

In addition to its General Objections, Oracle specifically objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1). The Topic is not reasonably limited as to custodians, Oracle business units, products, services, systems, applications, repositories, source code bases, projects, or subject matter, and seeks information about a broad category of NVIDIA hardware or software across Oracle's global operations from September 13, 2018 to the present.

Oracle objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1), including because it is not limited to a specific Oracle product, service, system, implementation, business unit, custodian, or time-bounded project.

Oracle further objects that the Topic appears to seek highly technical testimony, potentially including testimony about source code, architecture, implementation details, confidential technical information, and expert analysis from Oracle, a non-party, when the topic is more appropriately directed to NVIDIA, a party to the case and the maker of both the software and GPUs in question.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer to determine whether Plaintiff can identify a substantially narrowed, reasonably particularized scope directed to nonprivileged Oracle-owned information, if any, that Plaintiff contends is relevant to the claims and defenses in this case and unavailable from NVIDIA or publicly available sources or from documentation produced in response to the Subpoena.

**DEPOSITION TOPIC NO. 2:**

The NVIDIA sample Source Code You use, in whole or in part, to conduct computations.

**RESPONSE TO DEPOSITION TOPIC NO. 2:**

Oracle incorporates by reference its General Objections stated above, including in particular as to documents, testimony, or information subject to attorney-client privilege, work-product immunity, or other protections, objections as to confidential, proprietary, trade secret, source code, security-sensitive, or third-party information, and objections as to information not in Oracle's possession, including information about NVIDIA products specifically in NVIDIA's rather than Oracle's possession.

In addition to its General Objections, Oracle specifically objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1). The Topic is not reasonably limited as to custodians, Oracle business units, products, services, systems, applications, repositories, source code bases, projects, or subject matter, and seeks information about a broad category of NVIDIA hardware or software across Oracle's global operations from September 13, 2018 to the present.

Oracle objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1), including because it is not limited to a specific Oracle product, service, system, implementation, business unit, custodian, or time-bounded project.

Oracle further objects that the Topic appears to seek highly technical testimony, potentially including testimony about source code, architecture, implementation details, confidential technical information, and expert analysis from Oracle, a non-party, when the topic is more appropriately directed to NVIDIA, a party to the case and the maker of both the software (including the source code that is the subject of this Topic) and GPUs in question.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer to determine whether Plaintiff can identify a substantially narrowed, reasonably particularized scope directed to nonprivileged Oracle-owned information, if any, that Plaintiff contends is relevant to the claims and defenses in this case and unavailable from NVIDIA or publicly available sources or from documentation produced in response to the Subpoena.

**DEPOSITION TOPIC NO. 3:**

Your customizations and/or data inputs to NVIDIA software that alter the way in which NVIDIA software performs computations and/or a description of the data input to NVIDIA software on which computations are run.

**RESPONSE TO DEPOSITION TOPIC NO. 3:**

Oracle incorporates by reference its General Objections stated above, including in particular as to documents, testimony, or information subject to attorney-client privilege, work-product immunity, or other protections, objections as to confidential, proprietary, trade secret, source code, security-sensitive, or third-party information, and objections as to information not in Oracle's possession, including information about NVIDIA products specifically in NVIDIA's rather than Oracle's possession.

In addition to its General Objections, Oracle specifically objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1). The Topic is not reasonably limited as to custodians, Oracle business units, products, services, systems, applications, repositories, source code bases, projects, or subject matter, and seeks information about a broad category of NVIDIA hardware or software across Oracle's global operations from September 13, 2018 to the present.

Oracle objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1), including because it is not limited to a specific Oracle product, service, system, implementation, business unit, custodian, or time-bounded project.

Oracle further objects that the Topic appears to seek highly technical testimony, potentially including testimony about source code, architecture, implementation details, confidential technical information, and expert analysis from Oracle, a non-party, when the topic is more appropriately directed to NVIDIA, a party to the case and the maker of both the software and GPUs in question.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer to determine whether Plaintiff can identify a substantially narrowed, reasonably particularized scope directed to nonprivileged Oracle-owned information, if any, that Plaintiff contends is relevant to the claims and defenses in this case and unavailable from NVIDIA or publicly available sources or from documentation produced in response to the Subpoena.

**DEPOSITION TOPIC NO. 4:**

Identification of Your software that uses NVIDIA GPUs to perform computations.

**RESPONSE TO DEPOSITION TOPIC NO. 4:**

Oracle incorporates by reference its General Objections stated above, including in particular as to documents, testimony, or information subject to attorney-client privilege, work-product immunity, or other protections, objections as to confidential, proprietary, trade secret, source code, security-sensitive, or third-party information, and objections as to information not in Oracle's possession, including information specifically in NVIDIA's or Oracle customers', rather than Oracle's, possession.

In addition to its General Objections, Oracle specifically objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1). The Topic is not reasonably limited as to custodians, Oracle business units, products, services, systems, applications, repositories, source code bases, projects, or subject matter, and seeks information about a broad category of NVIDIA hardware or software across Oracle's global operations from September 13, 2018 to the present.

Oracle objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1), including because it is not limited to a specific Oracle product, service, system, implementation, business unit, custodian, or time-bounded project.

Oracle further objects that the Topic appears to seek highly technical testimony, potentially including testimony about source code, architecture, implementation details, confidential technical information, and expert analysis from Oracle, a non-party, when the topic is more appropriately directed to NVIDIA, a party to the case and the maker of both the software and GPUs in question.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer to determine whether Plaintiff can identify a substantially narrowed, reasonably particularized scope directed to nonprivileged Oracle-owned information, if any, that Plaintiff contends is relevant to the claims and defenses in this case and unavailable from NVIDIA or publicly available sources or from documentation produced in response to the Subpoena.

**DEPOSITION TOPIC NO. 5:**

Using Your software, the ways in which output data from a GPU computation(s), including intermediate results of GPU computations are stored, referenced by a pointer, transferred, copied, streamed, written back, returned, accumulated, reused, or made available including asynchronously from NVIDIA GPU memory to CPU memory, host memory, system memory, storage, display, network, or another memory location before, during, or in parallel with computations performed using NVIDIA GPUs.

**RESPONSE TO DEPOSITION TOPIC NO. 5:**

Oracle incorporates by reference its General Objections stated above, including in particular as to documents, testimony, or information subject to attorney-client privilege, work-product immunity, or other protections, objections as to confidential, proprietary, trade secret, source code, security-sensitive, or third-party information, and objections as to information not in Oracle's possession, including information specifically in NVIDIA's or Oracle customers', rather than Oracle's, possession.

In addition to its General Objections, Oracle specifically objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1). The Topic is not reasonably limited as to custodians, Oracle business units, products, services, systems, applications, repositories, source code bases, projects, or subject matter, and seeks information about a broad category of NVIDIA hardware or software across Oracle's global operations from September 13, 2018 to the present.

Oracle objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1), including because it is not limited to a specific Oracle product, service, system, implementation, business unit, custodian, or time-bounded project.

Oracle further objects that the Topic appears to seek highly technical testimony, potentially including testimony about source code, architecture, implementation details, confidential technical information, and expert analysis from Oracle, a non-party, when the topic is more appropriately directed to NVIDIA, a party to the case and the maker of both the software and GPUs in question.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer to determine whether Plaintiff can identify a substantially narrowed, reasonably particularized scope directed to nonprivileged Oracle-owned information, if any, that Plaintiff contends is relevant to the claims and defenses in this case and unavailable from NVIDIA or publicly available sources or from documentation produced in response to the Subpoena.

DATED: 7/16/2026

Respectfully submitted,

By: _*/s/ Michelle Morin*________

500 Oracle Parkway, Redwood Shores, CA, 94065
Tel (650) 607-1383
Michelle.morin@oracle.com
CA Bar # 284789

*Attorney for Non-Party Oracle Corporation*

**PROOF OF SERVICE**

The undersigned hereby certifies that on July 16, 2026 a true and correct copy of the foregoing document has been served via electronic mail on the following counsel of record:

Emily Portuguese
Susman Godfrey LLP
One Manhattan West, 50th Floor, New York, NY 10001
eportuguese@susmangodfrey.com
(212) 729-2082

Tanner Laiche
tlaiche@susmangodfrey.com

Joze Welsh
Desmarais LLP
jwelsh@desmaraisllp.com
(212) 808-2980

*/s/ Michelle Morin*
Michelle Morin
Oracle Corporation